## Case No. 16,969.

### VIRGINIA v. EVANS et al.

[1 Cranch, C. C. 581.] [1]

Circuit Court, District of Columbia. Nov. Term, 1809.

COMPETENCY OF WITNESSES—ACTION FOR USE OF COUNTY.

1. In an action for the use of a county, inhabitants of the county are competent witnesses for the plaintiff. The principal obligor is a competent witness for the sureties, upon a collateral issue, where the defendants plead separately in an action upon a bond with a collateral condition. And so one surety is a competent

[1] [Reported by Hon. William Cranch, Chief Judge.]

witness for another surety; but the sureties are not competent witnesses for the principal.

2. If a witness be surety for costs, the court will permit other security to be substituted, so as to remove the interest of the witness.

[This was a suit by the governor of Virginia, for the use of Loudon county, against Evans and others, his sureties.]

Debt on a bond conditioned to perform covenants respecting the building of a bridge at the county charge, in the county of Loudon, in Virginia.

Mr. Taylor and Mr. Youngs, for defendant, objected to an inhabitant of Loudon county as a witness, on account of his interest.

Mr. Swann, contra. The witness is not directly interested, or if he has any interest it is too small, and remote. See Rex v. Carpenter, 2 Show. 47; Gilb. Ev. 240; The Weavers of Norwich's Case, Trials per Pais. 329; Alexandria v. Brockett [Case No. 181], in this court, November term, 1807.

THE COURT (DUCKETT, Circuit Judge, absent), CRANCH, Chief Judge, having some doubt, admitted the witness, with leave to move for a new trial, if the verdict should be for the plaintiff.

THE COURT admitted also, as a witness, Mr. Lyons, an inhabitant of Loudon county, and one of the county commissioners who contracted with Evans for the bridge.

Mr. Taylor and Mr. Youngs, for the defendant, objected and took a bill of exceptions.

The three defendants, Evans, Lewis, and Thomas, pleaded severally, and the defendants' counsel offered Evans as a witness for Lewis and Thomas.

Mr. Swann, for the plaintiff, objected that it is a joint suit.

Mr. Taylor. The plea is, that the articles are not the same to which the bond alludes, and Evans is competent to prove that fact on that issue.

THE COURT (DUCKETT, Circuit Judge, absent) admitted Evans as a witness for Lewis, on the issue as to the identity of the articles of agreement, and referred to the cases of Harper v. Smith [Case No. 6,092], July, 1808, in this court, and Riddle v. Moss [Id. 11,809], in this court, and Pawling v. U. S., in the supreme court of the United States, 4 Cranch [8 U. S.] 219.

The jury not being able to agree at July term, 1809, were discharged, and the cause was continued.

This cause having again come to trial,—

Mr. Swann, for plaintiff, offered Joseph Smith as a witness.

Mr. Youngs, for defendants, objected, that Mr. Smith owned two or three acres of land in Loudon county. If plaintiff obtains judgment, the amount will go to alleviate the county taxes. Objection overruled.

John Evans, the principal obligor, and John V. Thomas, one of the sureties, were offered as witnesses for Richard Lewis, another of the sureties.

E. J. Lee, for plaintiff, objected that they are

joint defendants, and although they have pleaded severally, they are interested. This court at the last term, allowed Evans to be a witness, upon what was erroneously supposed to be the opinion of the supreme court in the case of Pawling v. U. S., 4 Cranch [8 U. S.] 219. That court did not give an opinion on that point.

Mr. Youngs, contra. The witness is clearly chargeable, let the suit against Lewis go one way or the other. The verdict, whether against or for Lewis, will not be evidence for or against Evans.

Mr. Swann, in reply. If one defendant can swear for another, there is no chance of justice.

THE COURT said, they had in several cases decided that one joint obligor may be a witness for another when they plead separately. As to one swearing for another, perjury may be committed in any case; but the question is, whether there is such an interest as to disqualify the witness. The principal has no interest to exonerate his sureties, because he himself is liable at all events, either to the governor of Virginia, or to the sureties. But the sureties are not witnesses for Evans, because if they can prove he has performed all the articles of the agreement they discharge themselves.

John V. Thomas, another of the sureties, was examined in behalf of Lewis on the issue joined by the other surety, Lewis, but not on the issue on the part of Evans. The plaintiff's counsel objected, but the objection was overruled.

Mr. Thomas Swann, who was surety for the costs, was offered as a witness on the part of the plaintiff. This was objected to by the defendant.

E. J. Lee offered to become surety for the costs, which had accrued or may accrue, and moved that Mr. Swann may be discharged, to which the court assented, and such an order having been made, Mr. Swann was permitted to testify.

Thomas Davis, another of the sureties, was examined in behalf of Lewis and Thomas, but not of Evans.

Verdict for the defendants, Lewis and Thomas, on the issues joined on their part; and for the plaintiff on the issues joined on the part of Evans the principal.